**Ponani SUKUMAR, an individual, Plaintiff—Appellant,**

v.

**DIRECT FOCUS, INC., a Washington corporation; Nautilus Industries, Inc., a Virginia corporation; Natilus HPS, Inc.; Natilus, Inc.; Natilus Fitness Products, Inc., Defendants—Appellees.**

**Ponani Sukumar, an individual, Plaintiff—Appellant,**

v.

**Direct Focus, Inc., a Washington corporation; Nautilus Industries, Inc., a Virginia corporation; Natilus HPS Inc.; Natilus, Inc.; Natilus Fitness Products, Inc., Defendants—Appellees.**

**Ponani Sukumar, an individual, Plaintiff—Appellant,**

v.

**Direct Focus, Inc., a Washington corporation; Nautilus Industries, Inc., a Virginia corporation; Natilus HPS Inc.; Natilus, Inc.; Natilus Fitness Products, Inc., Defendants—Appellees.**

Nos. 08–55907, 08–56130, 08–56402.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 16, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose L. Patino, Esquire, Jones Day, San Diego, CA, Brian M. Hoffstadt, Esquire,

Katie A. Richardson, Jones Day, Los Angeles, CA, for Plaintiff–Appellant.

Robert W. Harrison, Esquire, Senior Trial, Patrick J. Kearns, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, San Diego, CA, for Defendants–Appellees.

Before: KLEINFELD and TALLMAN, Circuit Judges, and LAWSON,** District Judge.

## MEMORANDUM ***

In this nine-year-old breach of contract action, Plaintiff–Appellant Ponani Sukumar ("Sukumar") appeals a district court order adopting a special master's post-judgment report and recommendation. Sukumar prevailed in the underlying suit over a contract for purchase of medical grade exercise equipment. In No. 05–55324, his first appeal to this court, Sukumar claimed the district court erred in divesting itself of jurisdiction over enforcement of its judgment in Sukumar's favor. We agreed and on remand we recommended the district court appoint a special master to aid in the enforcement of its judgment under Federal Rule of Civil Procedure 53. Sukumar now claims: (1) the special master exceeded his authority to enforce the judgment; and (2) the district court erred when it did not review the special master's findings *de novo*. Suku-

---

** The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mar's arguments lack merit and we now affirm.

We review *de novo* the district court's legal conclusions as to the scope of the special master's Rule 53 authority and whether it performed the appropriate review. *See United States v. Clifford Matley Family Trust,* 354 F.3d 1154, 1161 (9th Cir.2004).

■ The district court has discretion to appoint a special master and to decide the extent of his duties. *See Jaros v. E.I. DuPont (In re Hanford Nuclear Reservation Litig.),* 292 F.3d 1124, 1138 (9th Cir. 2002). The district court followed our prior recommendation and instructed the special master to determine compliance with the Judgment by defendants. The Special Master shall engage in any necessary fact finding to

> determine such compliance, including inspection of the equipment subject to the Judgment, accepting evidence from the parties, conducting hearings if required, and any and all powers under Rule 53(c) that the Special Master deems necessary to exercise in order to issue a fully informed report and recommendation to this Court regarding the state of compliance with the Judgment.

From the record, it is clear that the special master thoroughly investigated each deficiency. He took evidence, consulted experts, and personally inspected each exercise machine. He made thoughtful and extensive recommendations to the district court. We hold the special master did exactly what the district court directed him to do and that his authority was certainly within the bounds of Rule 53.

Sukumar's argument that the district court did not engage in *de novo* review of his objections to the special master's report and recommendations pursuant to Rule 53 is also without merit. Throughout Sukumar's hearing challenging the special master's report and recommendations, the district judge reiterated that he was reviewing the report, recommendations, and objections *de novo.* Judge Burns stated: "I repeatedly said I am not going to give special deference to the Special Master's findings. I am going to review them de novo;" "I have reviewed the contested findings which include just about every finding he made de novo;" "I agree with your position that I am not to give any deference; that de novo review as to those matters that are objected to means that the court looks at it fresh with no deference or preference in favor of findings of the special master, and I have done that in this case;" "The independent person went out and heard from both sides, and his judgment amounts to facts that I am entitled to take into consideration in my own de novo review;" "As to each of his objections I have looked fresh and anew at this and I have formed my own judgment;" "The court with the exception of the area noted in my recital, adopts the special master's recommendations and findings as my own. I do that—again, I emphasize—not on the basis of any special deference but rather from my de novo review of the findings."

■ The district court properly analyzed the findings and objections *de novo.* The district court gave each of Sukumar's claimed discrepancies a fresh look. *See United States v. Silverman,* 861 F.2d 571, 576 (9th Cir.1988) ("Under the *de novo* standard of review, we do not defer to the ... ruling but freely consider the matter anew, as if no decision had been rendered."). The district judge independently considered all of the evidence that the special master considered, including over 270 pages of exhibits and 25 pages of objections. We hold the district judge performed the necessary *de novo* review.

Nothing more was required. Costs are assessed against Appellant.

**AFFIRMED.**

